# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CHARLES HELT,**

                **Plaintiff,**

**-vs-**                                                **Case No. 6:07-cv-1290-Orl-22DAB**

**THE CARPET COMPANY 3 and LARRY W. HALL, JR.,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **JOINT MOTION TO APPROVE SETTLEMENT AND DISMISSAL (Doc. No. 23)**
>
> **FILED:**       **January 30, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      This is an action for alleged unpaid overtime wages under the Fair Labor Standards Act. According to the papers filed, Plaintiff worked for the corporate Defendant as a salaried Quality Control technician, and then, for a period of time, as a warehouse worker. The instant motion seeks approval of a settlement agreement reached between all of the parties on all of the pending issues.

      In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the

FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

The Court convened a fairness hearing and counsel for both sides appeared. Although the motion contains certain settlement agreements as exhibits, and these documents contain many extraneous covenants and agreements, for present purposes, the Court need address only the terms set forth by the parties at hearing; to wit: Plaintiff is to receive $4,800.00 (less costs) with respect to his claim of $5,000.00, and his counsel will receive $3,200.00 for attorney's fees. Costs, which were represented to be minimal, will be the responsibility of Plaintiff.

As the amount Plaintiff is to receive is just shy of his demand and the parties set forth a rationale basis for the limited compromise (Defendant's position that Plaintiff was exempt and the absence of records proving overtime hours were worked), the Court finds the amount to be fair and reasonable. In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Here, all sides state that the attorney's fee agreed upon is fair and reasonable and reflects the amount of work Plaintiff's counsel devoted to the case. Although Plaintiff has agreed to pay his own costs, counsel represents that they are minimal and, considering the generosity of the settlement as a whole and absent any objection, the Court finds the settlement to be fair and reasonable, with respect to these amounts, as well.

It is therefore **respectfully recommended** that the motion be **granted,** the settlement terms set forth above be approved, and the matter be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 3, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy